```
1              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
2                      Norfolk Division

3

4   - - - - - - - - - - - - - - - - - -
                                      )
5   UNITED STATES OF AMERICA          )
                                      )
6   v.                                )    CRIMINAL ACTION NO.
                                      )         2:21cr17
7   JUNAJAH SHAQUILLA SOMERVILLE,     )
                                      )
8         Defendant.                  )
                                      )
9   - - - - - - - - - - - - - - - - - -

10

11

12          TRANSCRIPT OF VIDEO TELECONFERENCE PROCEEDINGS
                        (Plea Hearing)

13                    Norfolk, Virginia

14                    March 16, 2021

15

16   BEFORE:  THE HONORABLE RAYMOND A. JACKSON
                 United States District Judge

17

18

19   APPEARANCES:

20            UNITED STATES ATTORNEY'S OFFICE
              By:  Sherrie S. Capotosto
21                 Assistant United States Attorney
                   Counsel for the United States
22
              FEDERAL PUBLIC DEFENDER'S OFFICE
23            By:  Wilfredo Bonilla, Jr.
                   Assistant Federal Public Defender
24                 Counsel for the Defendant

25
```

1            (Proceedings commenced at 11:47 a.m.)

2            THE CLERK:  United States of America vs. Junajah

3   Shaquilla Somerville, in Criminal Action 2:21cr17.

4            Ms. Capotosto, is the government ready to proceed?

5            MS. CAPOTOSTO:  The United States is ready.  Good

6   morning, Your Honor.

7            THE COURT:  Good morning, Counsel.

8            THE CLERK:  Mr. Bonilla, is the defendant ready to

9   proceed?

10           MR. BONILLA:  The defense is ready.  Good morning,

11   Your Honor.

12           THE COURT:  Good morning, Counsel.

13           Good morning, Ms. Somerville.

14           THE DEFENDANT:  Good morning, Your Honor.

15           THE COURT:  This morning, Ms. Somerville, it will be

16   necessary that you take an oath to go forward.

17           THE CLERK:  Ms. Somerville, if you could please

18   raise your right hand to be sworn.

19           (The defendant was duly sworn.)

20           THE COURT:  All right.  Ms. Somerville, you have

21   taken an oath to tell the truth this morning.  In the event

22   you decide to lie to the Court or mislead the Court in some

23   way, you could subject yourself to other charges for perjury

24   or making a false statement.

25           Do you understand this?

```
 1              THE DEFENDANT:  Yes, sir.
 2              THE COURT:  State your full name for the record,
 3    please.
 4              THE DEFENDANT:  Junajah Shaquilla Somerville.
 5              I can't hear you, Your Honor.
 6              THE CLERK:  Your Honor, you are muted.
 7              THE COURT:  How old are you, Ms. Somerville?
 8              THE DEFENDANT:  I'm 21 years old.
 9              THE COURT:  How much formal education have you had?
10              THE DEFENDANT:  Up until one semester of college.
11              THE COURT:  In your 21 years, have you been
12    hospitalized for any type of mental illness?
13              THE DEFENDANT:  No, sir.
14              THE COURT:  Drug addiction?
15              THE DEFENDANT:  No, sir.
16              THE COURT:  Alcoholism?
17              THE DEFENDANT:  No, sir.
18              THE COURT:  And have you taken any type of
19    medication this morning, prescribed or non-prescribed, that
20    affects your capacity to understand these proceedings?
21              THE DEFENDANT:  No, sir.
22              THE COURT:  Have you had sufficient time to confer
23    with Mr. Bonilla to prepare for this hearing?
24              THE DEFENDANT:  Yes, sir.
25              THE COURT:  Are you satisfied with the advice and
```

1    counsel you are receiving?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  All right.  We are here this morning --

4            THE CLERK:  Your Honor, you're muted again.

5            THE COURT:  I'm not touching this.  I don't know why

6    it keeps going on and off.  It's this kind of day, I suppose.

7            We're here this morning to take a plea in this case,

8    and we are proceeding pursuant to video teleconferencing this

9    morning.

10           Have you had an opportunity to confer with

11   Mr. Bonilla about a decision to go forward with video

12   teleconferencing this morning?

13           THE DEFENDANT:  Yes, sir.

14           THE COURT:  Do you understand that you are waiving

15   your right to appear in person before the Court to enter this

16   plea?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  Do you understand that your plea over

19   the video teleconferencing system will have the same effect

20   as if you had appeared before the Court in person?

21           THE DEFENDANT:  Yes, sir.

22           THE COURT:  Has anyone coerced you into going

23   forward using video teleconferencing?

24           THE DEFENDANT:  No, sir.

25           THE COURT:  Do you still wish to enter your plea

1  this morning using the video teleconferencing system?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Mr. Bonilla, would you -- I'll tell you

4  what.  Let's start with Ms. Capotosto on behalf of the

5  government.

6          Will you state the reason you believe it appropriate

7  to go forward using video teleconferencing this morning.  The

8  Court received a note regarding the reason, but I want you to

9  articulate it for the record.

10          MS. CAPOTOSTO:  Yes, sir, Your Honor.

11          Given Chief Judge Davis's most recent order, which I

12  believe came out yesterday, and also in order to conserve

13  resources and promote the interest of justice and the health

14  and safety of both the parties and the court personnel, we

15  believe it is in the best interest, in light of the COVID-19

16  pandemic, and to get this pre-indictment resolution done in a

17  short time scale, that this should be done by video

18  teleconference.

19          I'll let Mr. Bonilla add or subtract anything he

20  feels necessary.

21          THE COURT:  Mr. Bonilla?

22          MR. BONILLA:  Your Honor, I concur with what

23  Ms. Capotosto has articulated to the Court.  We agree with

24  that.  That's accurate, Your Honor.

25          THE COURT:  Okay.  The Court understands the reason

1    provided, to cope with the fact that we're in the midst of a

2    pandemic, to maintain social distancing, and to diminish the

3    likelihood that anyone involved, certainly, would contract

4    COVID-19.

5             So, therefore, the Court finds, pursuant to the

6    CARES Act and the most recent order from the Chief Judge of

7    the United States District Court for the Eastern District of

8    Virginia, General Order Number 2021-03, that it's appropriate

9    to go forward using video teleconferencing this morning.  So

10   that's what we will, in fact, do.

11            Now, I want to cover one other administrative

12   matter.

13            Pursuant to the Due Process Protection Act, the

14   United States is required to provide the defendant with all

15   evidence, make all disclosures, pursuant to *Brady vs.*

16   *Maryland*, because under *Brady vs. Maryland*, Ms. Somerville,

17   the suppression by the prosecution of evidence favorable to

18   an accused violates due process where the evidence might be

19   material to guilt or to punishment, irrespective of the good

20   faith or the bad faith of the prosecution, and failure to

21   abide by this requirement could result in charges being

22   dismissed or the prosecutor being subjected to disciplinary

23   action.

24            So the Court inquires this morning of the

25   United States whether the United States has complied with

1    *Brady vs. Maryland* in this case in all respects?

2              MS. CAPOTOSTO:  Yes, Your Honor.

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Mr. Bonilla, do you concur with

5    Ms. Capotosto?

6              MR. BONILLA:  Yes, Your Honor, I do.

7              THE COURT:  All right.  Then the Court, finding that

8    you have complied with *Brady vs. Maryland*, will enter the Due

9    Process Protection Act order in this case.

10             It's the Court's further understanding,

11   Ms. Somerville, that you wish to enter a plea in this case.

12   Is that correct?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Did you sign the Plea Agreement in this

15   case?  The Court has a copy of a Plea Agreement in this case.

16   It has your signature, it appears, on Page 10 of the Plea

17   Agreement.

18             Do you recall signing Page 10?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  Would you happen to have a copy there

21   with you?

22             THE DEFENDANT:  No.  Not -- no, I don't have a copy

23   of it with me.

24             THE COURT:  Do you recall initialing each page of

25   the Plea Agreement?

```
1               THE DEFENDANT:  Yes, sir.

2               THE COURT:  Before you signed that Plea Agreement

3   and initialed the pages, did you read it?

4               THE DEFENDANT:  Yes, sir.

5               THE COURT:  Did you discuss every single paragraph

6   with your counsel?

7               THE DEFENDANT:  Yes, sir.

8               THE COURT:  Did you understand what he discussed

9   with you?

10              THE DEFENDANT:  Yes, sir.

11              THE COURT:  Do you believe the Plea Agreement

12  accurately reflects what you have agreed to in this case?

13              THE DEFENDANT:  Yes, sir.

14              THE COURT:  Mr. Bonilla, is this the best Plea

15  Agreement you could work out with the United States on behalf

16  of Ms. Somerville?

17              MR. BONILLA:  Yes, it is, Your Honor.

18              THE COURT:  Ms. Capotosto, I notice she is pleading

19  to five counts here.  Is this the best offer you made to the

20  defendant in this case?

21              MS. CAPOTOSTO:  It was, Your Honor.  It was the most

22  advantageous to the defendant, yes, sir.

23              THE COURT:  Just as a matter of curiosity, how many

24  potential counts was the defendant facing?

25              MS. CAPOTOSTO:  Your Honor, there was an additional
```

1    robbery which we did not end up charging.  So there was --

2    she's presently charged with two completed and one attempted.

3             THE COURT:  Okay.  Thank you very much.

4             If you'll turn over to the first paragraph of this

5    Plea Agreement -- well, I'm going to have to explain it to

6    you in detail since you're not now looking at it.

7             In the first paragraph, you agree to plead guilty to

8    a five-count Criminal Information.  And Count One of the

9    Criminal Information charges you with conspiracy to interfere

10   with commerce by robbery.  The maximum penalty for this

11   offense is a term of 20 years of imprisonment; a fine of

12   $250,000; forfeiture of assets outlined in the Plea

13   Agreement; a special assessment, really, of $100; and three

14   years of supervised release.

15            Counts Two and Four of the Criminal Information

16   charge you with interference with commerce by robbery.  The

17   maximum penalty for this offense is 20 years of imprisonment;

18   a $250,000 fine; forfeiture of any assets outlined in the

19   Plea Agreement; a special assessment, again, of $100; and

20   three years' supervised release.

21            The third count of the Criminal Information charges

22   you with attempted interference with commerce by robbery.

23   The maximum penalty for this offense is, again, 20 years'

24   imprisonment; the same, a $250,000 fine; forfeiture of assets

25   outlined in the Plea Agreement; special assessment, of

1    course, of $100; and three years of supervised release.

2            And the final count charges you with brandishing a

3    firearm in furtherance of a crime of violence.  Really, it's

4    aiding and abetting in brandishing a firearm in furtherance

5    of a crime of violence, to wit, interference with commerce by

6    robbery.

7            The maximum penalty for this offense is life, with a

8    mandatory minimum of seven years to be served consecutively

9    with any other term of imprisonment you've got in this case.

10   What that means is no matter what you get on Counts One

11   through Four, that seven years would have to be tacked on to

12   the back of whatever penalty you would get.

13           This offense carries a five-year period of

14   supervised release.  Now, these periods of supervised release

15   I've referred to, Ms. Somerville, they would all run at the

16   same time.

17           Now, these are felony offenses.  These are felony

18   offenses, Ms. Somerville.  And when you're dealing with a

19   felony offense, there are certain rights that you have that

20   you may exercise under the Constitution, and I want to

21   apprise you of the fact that you have these rights.

22           Now, have you discussed this Criminal Information

23   that the United States wishes to file with Mr. Bonilla?

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  So, now, you understand the penalties,

1   and you understand what they wish to charge, but the Court

2   wants to tell you that you have a constitutional right to be

3   charged by an indictment of a grand jury, but you can waive

4   that right and consent to being tried or charged by an

5   information the U.S. Attorney wishes to file in this case.

6          So instead of an indictment, that's what is

7   happening here.  The U.S. Attorney wishes to file this

8   five-count Criminal Information.  Unless you waive

9   indictment, you may not be charged with these felony offenses

10  unless a grand jury finds, by a return of an indictment, that

11  there's probable cause to believe that these offenses were

12  committed and that you committed them.

13         Do you understand this?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  Now, if you do not waive indictment, of

16  course, the government's next step would probably be to get

17  the grand jury to indict you.

18         Now, Ms. Somerville, a grand jury is composed of at

19  least 16 and not more than 23 jurors, grand jurors.  At least

20  12 of those grand jurors must find there's probable cause to

21  believe that you committed the crimes that are being alleged

22  here before you could be indicted.

23         The grand jury might indict you; it may not indict

24  you.  But what we do know is, if you waive your right to

25  indictment this morning, we will proceed based upon the

1    Criminal Information.

2           Now, I want to ask you have you discussed waiving

3    your right to indictment by a grand jury with your counsel?

4           THE DEFENDANT:  Yes, sir.

5           THE COURT:  Do you understand your right to be

6    indicted by a grand jury?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  Have any threats or promises, other than

9    what is in this Plea Agreement, been made to you to get you

10   to give up your right to proceed to a grand jury?

11          THE DEFENDANT:  No, sir.  No, sir.

12          THE COURT:  Do you wish to waive your right to

13   indictment by a grand jury?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Mr. Bonilla, do you know of any reason

16   that Ms. Somerville should not waive her right to indictment

17   by a grand jury?

18          MR. BONILLA:  No, Your Honor.

19          THE COURT:  The Court has a document here entitled

20   "Waiver of Right to Indictment by Grand Jury."  It appears to

21   be signed by you, Ms. Somerville.

22          Did you sign a Waiver of Indictment by Grand Jury?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  And, Mr. Bonilla, did you likewise sign

25   this?

1          MR. BONILLA:  Yes, Your Honor.

2          THE COURT:  The Court finds that she has made a

3    knowing, voluntary, and intelligent waiver of her right to

4    indictment by a grand jury.  So the Court will sign off on

5    this Waiver of Indictment by a Grand Jury, and it will be

6    filed in the record.

7          We now return to this Plea Agreement that the Court

8    previously discussed with you, that you've indicated that

9    you've signed, et cetera, and the Court asks you,

10   Ms. Somerville, have you ever been convicted of a felony

11   before?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  And when was this?

14         THE DEFENDANT:  During the time I was incarcerated

15   for this, I was convicted May 2019.

16         THE COURT:  For what crime?

17         THE DEFENDANT:  Fraud crimes in Chesapeake.

18         THE COURT:  And after that conviction, did you ever

19   get your rights as a citizen restored?

20         THE DEFENDANT:  No, sir.

21         THE COURT:  So you understand that, by entering a

22   plea to felonies here, you lose your right to vote, possess a

23   firearm, and to exercise a lot of rights that citizens

24   exercise?

25         THE DEFENDANT:  Yes, sir.

1            THE COURT:  Do you understand you have a right to

2    plead not guilty and go to trial on these charges?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  Now, the Plea Agreement lays out certain

5    rights you may enjoy at a trial, but the Court is going to go

6    forward, and the Court is going to explain certain rights

7    that you have also.  But before the Court does that, the

8    Court has to make sure that the Court goes thoroughly over

9    this Plea Agreement with you.  So let's go back to the Plea

10   Agreement.

11           Now, I explained to you what the maximum penalties

12   were on these charges, and I told you there were terms of

13   supervised release that you had on each charge, but what I

14   did not tell you was how supervised release works.  Let me do

15   that.

16           While you have a supervised release period after

17   each charge, during your period of supervised release,

18   Ms. Somerville, you will be under the supervision and control

19   of the United States Probation Department, which works for

20   this Court.  You will be given certain terms and conditions

21   to meet.  If you meet those terms and conditions, at the end

22   of your period of supervised release, you will be terminated

23   from any further responsibility to this Court.

24           Now, if you violate the terms of supervised release,

25   you could be returned to court, and if you are found in

1    violation of supervised release, you could be returned to
2    prison for up to three years or up to five years, depending
3    upon what offense you commit.
4          Do you understand this?
5          THE DEFENDANT:  Yes, sir.
6          THE COURT:  Do you have any questions about it?
7          THE DEFENDANT:  No, sir.
8          THE COURT:  In this Plea Agreement, Ms. Somerville,
9    the Court notes that you exercised a couple of waivers.  Let
10   me explain.
11         In paragraph 5, you indicated you understood your
12   right to appeal, but notwithstanding that you waived your
13   right to appeal your conviction and your sentence, as long as
14   it was within the statutory range that the Court previously
15   gave you, in exchange for certain concessions or benefits you
16   were getting in this Plea Agreement from the government, the
17   government did not waive its right to appeal the sentence in
18   this case.  But you did.
19         Do you understand this?
20         THE DEFENDANT:  Yes, sir.
21         THE COURT:  Do you wish to waive your right to
22   appeal?
23         THE DEFENDANT:  Yes, sir.  Yes, sir.
24         THE COURT:  Let me add this:  Although you are
25   waiving your right to appeal, you still do have some

1    appellate or appeal rights left.

2            If you found that you had ineffective assistance of

3    counsel or the Court imposed a sentence that is beyond the

4    maximum provided by law or committed some other

5    constitutional violation, you could appeal that.

6            Do you understand that?

7            THE DEFENDANT:  Yes, sir.

8            THE COURT:  Now, you also waive your right under the

9    Privacy Act and the Freedom of Information Act to receive

10   information about your prosecution and investigation of your

11   case.  You also waive your right to have a representative,

12   whether it be a lawyer or someone else, acquire information

13   about the prosecution and investigation involved in your

14   case.

15           Do you understand that?

16           THE DEFENDANT:  Yes, sir.

17           THE COURT:  Do you wish to waive your rights under

18   the Freedom of Information Act and the Privacy Act?

19           THE DEFENDANT:  Yes, sir.

20           THE COURT:  If you go over to Page 6 of the Plea

21   Agreement, there's a paragraph on restitution, and in this

22   paragraph, Ms. Somerville, you are required to make

23   restitution, mandatory restitution, to victims of your crime

24   for the losses that they sustained, and in the Plea

25   Agreement, there's an outline of a certain number of victims

1   in the case that you are required to make whole.

2          Now, if it's found that there are other victims

3   other than what is in this paragraph here, you will have to

4   make them whole also, and to make them whole, they're really

5   talking about paying money to compensate them for losses.

6          Do you understand this?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Any questions about it?

9          THE DEFENDANT:  No, sir.

10         THE COURT:  Paragraph 10, there's a forfeiture

11  agreement.  In paragraph 10, you are simply saying that you

12  agree to give up/forfeit any interest in any robbery-related

13  and firearms-related asset that you own or over which you

14  exercise direct or indirect control.

15         In other words, if you've got something, a gold

16  Maserati, or whatever, from these robberies, you would have

17  to give it up.  Do you understand this?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  I don't think the facts show that

20  anybody got a gold Maserati.  I just used that as an example

21  here.

22         Paragraphs 11 and 12 also talk about the forfeiture,

23  but again, they are really saying that you agree that you

24  will not challenge any effort by the government to forfeit

25  any assets from you.  You will not seek any legal action to

```
1    stop any such forfeiture.  You will have to identify any

2    assets that you might have.

3            Do you have any questions?

4            THE DEFENDANT:  No, sir.

5            THE COURT:  Those are some of the key paragraphs the

6    Court wants to highlight out of this Plea Agreement.

7            Do you have any questions you wish to ask,

8    Ms. Somerville?

9            THE DEFENDANT:  No, sir.

10           THE COURT:  Then the Plea Agreement will also be

11   filed in the record.

12           Now, I discussed with you the consequences of being

13   a felon, but I wanted to continue talking about the rights

14   you have as a defendant.  You have a right to go to trial and

15   to plead not guilty to these offenses.

16           Do you understand that?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  If you go to trial, you have a right to

19   a speedy trial, a public trial, a jury trial, and to be

20   defended by counsel at trial.

21           You would start the trial with a clean record, in

22   other words, a presumption of innocence.  So the law puts the

23   burden on the prosecution to prove your guilt beyond a

24   reasonable doubt.  You don't have to prove anything.

25           You have the right to subpoena or have the Court
```

1  order the attendance of any witnesses you might believe will

2  assist you in putting on a defense.  If you cannot afford the

3  cost of bringing witnesses to trial, the Court would have

4  that cost paid.

5          Do you understand this?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  You have a further right to remain

8  silent if you go to trial.  The prosecution could not use

9  your silence to persuade a judge or jury to convict you.

10         Do you understand this right?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  And, Ms. Somerville, if you persist in

13 your plea and the Court accepts your plea, you can't exercise

14 all the rights we just talked about.  You would still have

15 your counsel, but you cannot exercise the other rights the

16 Court has described to you.

17         Do you understand this?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  If the Court accepts your plea, we will

20 return here for a sentencing in this case in July.  At that

21 sentencing, the Court will have to determine what sentence is

22 sufficient but not greater than necessary for you.

23         To make this determination, the law provides several

24 factors the Court must balance.  The Court must look at the

25 total nature of the offense you were involved in.  The Court

1  must consider your personal history and background, the

2  Advisory Sentencing Guidelines.  That is, the Advisory

3  Sentencing Guidelines simply make a recommendation to the

4  Court about what your penalty should be.

5       We will have to look at what restitution needs to be

6  made to the victims.  The Court will also have to focus on

7  any personal needs you have as a defendant, whether they be

8  medical, psychiatric, or otherwise.

9       To obtain all the information necessary to sentence

10  you, the Court has a Presentence Report, a background report,

11  prepared on you, Ms. Somerville; and in that report, the

12  Court looks at, again, the role you played in this offense,

13  whether you've accepted personal responsibility for the

14  crimes you committed, or whether you have tried to obstruct

15  justice.

16       It's important, if you've accepted responsibility,

17  because it lowers your federal Advisory Sentencing

18  Guidelines.  If you have obstructed justice, it would

19  increase your Advisory Guidelines.

20       You have an opportunity to object to the accuracy of

21  the Presentence Report, to object to the calculation of the

22  Advisory Sentencing Guidelines.  The government has the same

23  opportunity.

24       At sentencing, you may take up your objections with

25  the Court.  The Court will resolve your objections before you

1    are sentenced.  You will have an opportunity to call

2    witnesses, put in character letters, if you wish to do so.

3    You may provide your own personal testimony, if you wish to

4    do so.  If you do so under oath, you will be subject to

5    cross-examination; if you make an unsworn statement, you will

6    not.  You may also remain silent, if you wish to do so.

7              I'm going to ask the parties to just hold up just

8    one second.  Hold up just one second.

9              (There was a pause in the proceedings.)

10             THE COURT:  Now, do you understand how the Court is

11   going to go about sentencing you in this case?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Now, Mr. Bonilla, have you discovered

14   any meritorious defense that Ms. Somerville might assert to

15   result in a judge or jury acquitting her?

16             MR. BONILLA:  No, Your Honor.

17             THE COURT:  Can you think of any reason she should

18   not plead guilty?

19             MR. BONILLA:  No, Your Honor.

20             THE COURT:  The Court told you a few minutes ago

21   that the United States had to prove your guilt beyond a

22   reasonable doubt.  To prove your guilt beyond a reasonable

23   doubt, the United States has to prove what we call the

24   elements of the crime, the critical facts showing you

25   committed the crime.  So let me kind of go over these facts

1    that they have to prove with you -- these critical elements.

2         On Count One, you are charged with a conspiracy to

3    interfere with commerce by robbery.  A conspiracy is nothing

4    but an agreement between two or more people to violate the

5    law or do something the law prohibits.  Here the conspiracy

6    was to rob the bank -- not to rob the bank.  Excuse my

7    expression there.  The conspiracy was to commit a robbery.

8         So the United States would have to prove, first of

9    all, that at least two or more persons entered into the

10   conspiracy to conduct a robbery; secondly, that you, with

11   knowledge of that conspiracy, voluntarily, intentionally

12   became a member of that conspiracy -- that is, that you

13   agreed in some way to facilitate that particular robbery;

14   they would also have to prove that at sometime during the

15   life of the conspiracy, with you knowing the purpose, at

16   least one of the people involved committed some offense to

17   facilitate that particular robbery.

18        So those are the three things they have to prove:

19   the existence of the conspiracy, your voluntary membership in

20   the conspiracy, and the performance of some act by someone to

21   facilitate the conspiracy.

22        Do you understand what I've said?

23        THE DEFENDANT:  Yes, sir.

24        THE COURT:  Now, you are also charged in Count Two

25   and Four with commission of the robbery, interference with

1    commerce by means of robbery.

2           To prove this offense, they would have to prove that

3    you or one of your co-conspirators obtained property from

4    another without their consent; secondly, that you or one of

5    your co-conspirators did so by wrongful use of actual force

6    or violence; thirdly, that you or one of your

7    co-conspirators, in conducting this robbery in the way they

8    did, delayed or affected interstate commerce; and, finally,

9    that you acted knowingly and intentionally.

10          If they can prove these critical facts,

11   Ms. Somerville, again, it's enough -- if they can prove these

12   critical facts beyond a reasonable doubt, it's enough for a

13   judge or jury to find you guilty.

14          Now, with respect to Count Three, the attempt to

15   interfere with commerce by robbery, once again, it would have

16   to be shown that you or one of your co-conspirators attempted

17   to obtain money from another without consent; that you did so

18   by wrongful use of force or threatened force; that you did so

19   in a way that would delay or interfere with commerce; and

20   that you took a substantial step toward completion of this

21   robbery; and, finally, that you acted knowingly and

22   intentionally.

23          Do you understand what I'm saying?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Now, let's go to the last charge.

1          The last charge, Count Five, you are charged with

2     aiding and abetting the brandishing of a firearm during a

3     crime of violence.

4          Now here -- Ms. Capotosto, the Court needs some

5     clarification on Count Five.  I know the government always

6     does this, but I need a clarification.

7          You said "knowingly use, carry, and brandish."

8     Which one of them are you charging?

9          MS. CAPOTOSTO:  Brandish.

10         THE COURT:  Brandish a firearm.

11         So in order to convict you on this charge, the

12    United States would have to prove that a crime of violence --

13    here, the robbery -- was, in fact, committed by someone other

14    than you; secondly, that you actively participated in the

15    crime of violence as something you wished to bring about;

16    thirdly, that you associated yourself with this crime of

17    violence with advanced knowledge that someone else involved

18    in this robbery would brandish a firearm during and in

19    relation to this crime of violence; and, finally, that you

20    acted knowingly in attempting to bring this offense about.

21         Do you understand what the Court has just said?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  If you understand what the Court has

24    just said, how do you plead to Count One?

25         MS. CAPOTOSTO:  Your Honor, may I interrupt?  I

```
1   apologize very much, sir.  But I believe, under
2   Rule 11(c)(1)(B), because we are asking the Court -- or we
3   put in the Plea Agreement in paragraph 4 that we are making a
4   recommendation on sentencing that is not binding on the
5   Court, I believe the Court needs to inform her, before taking
6   her plea, that she cannot withdraw her plea if the Court does
7   not accept that sentencing recommendation.
8             THE COURT:  Okay.  Let's back up.  I did not cover
9   that with her.  Thank you, Counsel.
10            All right.  You've heard the Assistant United States
11  Attorney point out that, despite the recommendation that the
12  parties may make in this case, the Court is not bound to
13  follow the recommendations that they make in this Plea
14  Agreement.
15            Do you understand this?
16            THE DEFENDANT:  Yes, sir.
17            THE COURT:  And even if the Court does not agree
18  with the United States and your counsel, at that juncture you
19  will not be permitted to withdraw your plea.
20            Do you understand this?
21            THE DEFENDANT:  Yes, sir.
22            THE COURT:  Knowing this, do you wish to continue
23  with your plea?
24            THE DEFENDANT:  Can I please talk to my counsel?
25            THE COURT:  Yes.
```

```
 1              THE DEFENDANT:  Thank you.

 2              THE COURT:  Put them in a room, please.

 3              (There was a pause in the proceedings.)

 4              THE COURT:  Okay.  Ms. Somerville, we're back.  Have

 5    you had a chance to speak with your counsel?

 6              THE DEFENDANT:  Yes, sir.

 7              THE COURT:  Okay.  And you are prepared to go

 8    forward?

 9              THE DEFENDANT:  Yes, sir.

10              THE COURT:  All right.  So you understood that last

11    question that the Court asked you, whether you understood

12    that the Court was not bound by all the recommendations that

13    your counsel may make, and if the Court does not agree with

14    everything they recommended, you still would not be able to

15    withdraw your plea?

16              THE DEFENDANT:  Yes, sir.

17              THE COURT:  All right.  So now we'll go back to

18    where I was.

19              With respect to Count One, how do you plead?

20              THE DEFENDANT:  Guilty.

21              THE COURT:  Count Two?

22              THE DEFENDANT:  Guilty.

23              THE COURT:  Count Three?

24              THE DEFENDANT:  Guilty.

25              THE COURT:  Count Four?
```

```
 1              THE DEFENDANT:  Guilty.

 2              THE COURT:  Count Five?

 3              THE DEFENDANT:  Guilty.

 4              THE COURT:  Okay.  The Court must have a Statement

 5    of Facts to support your plea.

 6              Did you sign off on a Statement of Facts in this

 7    case?

 8              THE DEFENDANT:  Yes, sir.

 9              THE COURT:  Did you initial each page of the

10    Statement of Facts?

11              THE DEFENDANT:  Yes, sir.

12              THE COURT:  Did you review the Statement of Facts

13    with Mr. Bonilla before you signed it?

14              THE DEFENDANT:  Yes, sir.

15              THE COURT:  Is the Statement of Facts accurate as

16    laid out there?

17              THE DEFENDANT:  Yes, sir.

18              THE COURT:  Do you understand that by virtue of the

19    fact that you affirm the accuracy of the Statement of Facts

20    today, you will not be able to successfully dispute the

21    accuracy of the facts when you come back in July?

22              THE DEFENDANT:  Yes, sir.

23              THE COURT:  Mr. Bonilla, are there amendments to be

24    made to the Statement of Facts?

25              MR. BONILLA:  No, Your Honor.
```

```
 1           THE COURT:  Ms. Capotosto?

 2           MS. CAPOTOSTO:  No, Your Honor.

 3           THE COURT:  Well, the Court understands the

 4   Statement of Facts.  The Court does have a problem with the

 5   Statement of Facts in this case, and the Court believes that

 6   it is appropriate for the Court to withhold its finding of

 7   guilt until it gets the Presentence Report to get the full

 8   details, and so the Court will withhold its finding of guilt

 9   in this case until the Presentence Report can be prepared and

10   presented to the Court.

11           Now, the Court will schedule your sentencing in this

12   case for July 22nd, 2021, at 11:30 a.m. in Norfolk.  The

13   parties have signed off on the Sentencing Procedures Act, so

14   it will be followed.

15           One other thing, the Court will also file in the

16   record another document.

17           Now, did you sign off on Exhibit 1 in this case,

18   Ms. Somerville?

19           THE DEFENDANT:  I think so, yes, sir.

20           THE COURT:  Mr. Bonilla, did you have your client

21   sign Exhibit 1 in this case?

22           MR. BONILLA:  Yes, Your Honor.

23           THE COURT:  And the Court will file Exhibit 1, which

24   is also filed by at least one other person within this case,

25   under seal.  So Exhibit 1 will be filed under seal in this
```

1   case also.

2         Now, Mr. Bonilla, are there any other matters before

3   the Court closes court?

4         MR. BONILLA:  Nothing further.  Thank you, Your

5   Honor.

6         THE COURT:  Ms. Capotosto?

7         MS. CAPOTOSTO:  No, Your Honor.

8         THE COURT:  All right.  The Court will be in recess

9   until further notice.  Thank you very much.

10         (Off the record at 12:27 p.m.)

11

12

13                         CERTIFICATION

14

15      I certify that the foregoing is a correct transcript

16   from the record of proceedings in the above-entitled matter.

17

18

19         _____/s/_____

20                    Carol L. Naughton

21                    March 26, 2021

22

23

24

25